# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:11-CV-049-RLV-DCK

| | |
|---|---|
| MATT JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAPITAL MANAGEMENT SERVICES, LP, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel" (Document No. 12). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for review. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion, without prejudice.

## BACKGROUND

Plaintiff Matt Jenkins ("Plaintiff") filed this action against Defendant Capital Management Services, LP ("Defendant") on April 15, 2011. (Document No. 1). On June 30, 2011, the Court entered its "Pretrial Order And Case Management Plan" (Document No. 9) which, *inter alia*, set January 31, 2012 as the deadline for completion of all discovery.

"Plaintiff's Motion To Compel" (Document No. 12) was filed September 8, 2011. Pursuant to Federal Rule of Civil Procedure 37(a), the pending motion requests that the Court compel Defendant to answer Plaintiff's First Set of Interrogatories and First Request for Production, and impose sanctions on Defendant for its willful failure to provide timely responses to these discovery requests. (Document No. 12).

Defendant filed its response to the instant motion, captioned as a "Reply To Plaintiff's Motion To Compel" (Document No. 15), on September 12, 2011. On September 19, 2011, Plaintiff

filed a "Partial Withdrawal Of Plaintiff's Motion To Compel" (Document No. 16) informing the Court that he no longer seeks an order compelling responses to his discovery requests, but renewing his request for appropriate sanctions. Plaintiff failed to file a reply brief in support of his motion and the time to do so has lapsed.[1]

## DISCUSSION

The issue now before the Court is whether sanctions against Defendant pursuant to Rule 37 are appropriate. In pertinent part, the Rule provides as follows:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--**or if the disclosure or requested discovery is provided after the motion was filed**--the court **must**, after giving an opportunity to be heard, **require the party or deponent whose conduct necessitated the motion**, the party or attorney advising that conduct, or both **to pay the movant's reasonable expenses incurred in making the motion**, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5) (emphasis added).

Here, there appears to be no dispute that Defendant's responses to Plaintiff's First Set of Interrogatories and First Requests for Document Production were served: (1) over thirty (30) days late; (2) after "Plaintiff's Motion To Compel" was filed; (3) without Defendant ever seeking an

---

[1] "A reply to the response to a motion, if any, shall be filed within seven (7) days . . . The filing of a reply brief is not mandatory. . . . If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice." Local Rule 7.1 (E).

2

extension of time to respond to Plaintiff's discovery requests; and (4) after the movant attempted to obtain the discovery without court intervention. As such, the burden is on Defendant to show that its failure to respond was substantially justified, or that other circumstances make an award of expenses unjust. See Fed.R.Civ.P. 37(a)(5). To the extent Defendant's brief in response suggests that its failure to timely respond to the discovery requests was justified because it is a large, sophisticated, and busy corporate entity, such reasoning is inadequate to satisfy its burden. (Document No. 15, p.2).

In short, the undersigned finds that the underlying discovery dispute could have been avoided by better communication between counsel, or simply by Defendant seeking leave for an extension of time from the Court. Under the circumstances, the Court will deny the pending motion, but allow Plaintiff to re-file a motion seeking reasonable expenses pursuant to Rule 37. Any such motion should include a detailed accounting of the reasonable expenses incurred in making his three (3) page motion to compel.

Defendant shall file a response to any motion by Plaintiff for expenses, and should make appropriate arguments under Fed.R.Civ.P. 37(a)(5)(ii) and/or (iii). In the alternative, the undersigned respectfully encourages the parties to resolve this matter without further Court intervention and move forward with the lawsuit.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel" (Document No. 12) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for sanctions, seeking the reasonable expenses, including attorney's fees, incurred in making "Plaintiff's Motion To Compel" (Document No. 12), on or before **October 12, 2011**.

**SO ORDERED**.

Signed: September 28, 2011

David C. Keesler
United States Magistrate Judge